UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| JANET DAY, | ) | |
| | ) | |
| Plaintiff, | ) | 3:20-CV-00121-DCLC |
| | ) | |
| vs. | ) | |
| | ) | |
| TA OPERATING, LLC, | ) | |
| | ) | |
| Defendant | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Janet Day ("Plaintiff") has filed a Motion to Remand [Doc. 10] and a corresponding Memorandum in Support [Doc. 11], asking the Court to remand this case back to the Circuit Court for Campbell County, Tennessee. Defendant TA Operating, LLC ("Defendant") has responded in opposition [Doc. 13], and Plaintiff has replied [Doc. 14]. This matter is now ripe for resolution. For the reasons stated below, Plaintiff's Motion to Remand [Doc. 10] is DENIED.

**I. BACKGROUND**

Plaintiff initially brought this case in the Circuit Court for Campbell County, Tennessee [Doc. 1-1]. Plaintiff's Complaint alleges Defendant wrongfully terminated her employment, retaliated and discriminated against her for seeking workers' compensation benefits, and violated various Tennessee state statutes, including the Tennessee Human Rights Act ("THRA") [Doc. 1-1, ¶¶ 3, 7, 8, 11]. Plaintiff seeks to be restored to her employment or, alternatively, to recover "back pay, salary, front pay and benefits" not to exceed $50,000 [Doc. 1-1, ¶ 3]. Plaintiff also seeks compensatory damages, attorney's fees, and costs but states these awards are not to exceed $50,000 "inclusive of back pay, salary, front pay, benefits, compensatory damages, and costs and attorney fees" [Doc. 1-1, ¶¶ 4-5].

1

Defendant removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, claiming this Court has subject matter jurisdiction under 28 U.S.C. § 1332 (diversity jurisdiction) [Doc. 1]. Defendant explains it is a citizen of both Maryland and Ohio, and Plaintiff is a citizen of Tennessee [Doc. 1, ¶¶ 8, 11]. Defendant further asserts that while Plaintiff attempts to limit the amount in controversy to $50,000, "there is a substantial likelihood Plaintiff's claims will exceed $75,000 at the time of trial" [Doc. 1, ¶ 17]. Plaintiff, however, asks the Court to remand this case back to the Circuit Court for Campbell County, Tennessee, for lack of subject matter jurisdiction, because she contends the amount in controversy requirement is not met [Doc. 10]. Plaintiff does not dispute that diversity of citizenship exists [Doc. 11, pg. 5].

## II. ANALYSIS

The federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Just as a criminal defendant is presumed innocent until the government proves him guilty, a case is presumed to fall outside a federal court's jurisdiction until a litigant proves otherwise." *May v. Wal-Mart Stores, Inc.*, 751 F. Supp. 2d 946, 950 (E.D. Ky. 2010). Under 28 U.S.C. § 1332(a), diversity jurisdiction requires complete diversity of citizenship between every plaintiff and every defendant—meaning that diversity jurisdiction "exists only when no plaintiff and no defendant are citizens of the same state." *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999) (citation omitted). In addition, § 1332(a) requires that the amount in controversy exceed $75,000, exclusive of interest and costs.

A defendant may remove an action from state court to federal court by filing a notice of removal pursuant to 28 U.S.C. § 1446(a). The defendant bears the burden of showing removal was proper. *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453-54 (6th Cir. 1996). Any doubt regarding subject matter jurisdiction should be resolved in favor of remanding the action.

2

*Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2006). To determine whether a case was properly removed, courts generally look at the plaintiff's complaint at the time of removal. *Union Planters Nat. Bank of Memphis v. CBS, Inc.*, 557 F.2d 84, 89 (6th Cir. 1977). "When the complaint asserts an amount in controversy below the jurisdictional amount, the removing party must show that it is more likely than not that the plaintiff's claims meet the amount in controversy requirement." *Lewis v. Exxon Mobil Corp.*, 348 F. Supp. 2d 932, 933 (W.D. Tenn. 2004) (quoting *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000)) (internal quotations omitted).

In support of her motion, Plaintiff states she "does not seek more than $50,000.00 total in damages in this case" [Doc. 11, pg. 1-2, 6-7]. She further asserts she "is the master of her claim and may elect to seek less than the federally mandated amount in controversy to preclude removal" [Doc. 11, pg. 6 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938))]. Plaintiff asserts Defendant has presented no evidence that the amount in controversy more likely than not exceeds $75,000 [Doc. 11, pg. 8].

In response, Defendant explains that while Plaintiff's Complaint attempts to limit her damages, Tennessee law permits a plaintiff to recover greater damages than she prayed for [Doc. 13, pg. 2-3 (citing Tenn. R. Civ. P. 54.03)]. Rule 54.03 provides, in relevant part: "[E]very final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings . . . ." Tenn. R. Civ. P. 54.03. Considering this rule, courts have recognized that statements in the complaint suggesting the plaintiff is not seeking damages in excess of $75,000 do not necessarily require remand. *See, e.g.*, *Crumley v. Greyhound Lines, Inc.*, No. 11-2153, 2011 WL 1897185, at *2 (W.D. Tenn. May 18, 2011) (finding the amount in controversy requirement was met despite the complaint stating

3

that "at the time of filing, Plaintiff's damages do not exceed $75,000.00"). Further, to the extent Plaintiff attempts to use her motion to clarify her Complaint by stating she does not seek and could not recover more than $50,000, the Sixth Circuit has held that "a post-removal stipulation reducing the amount in controversy to below the jurisdictional limit does not require remand to state court." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000). Therefore, if Defendant provides sufficient evidence to show the actual amount in controversy more likely than not exceeds $75,000, removal was proper. *Lewis*, 348 F. Supp. 2d at 933.

In support of removal, Defendant submitted the declaration of its Senior Vice President of Human Resources, who states Plaintiff was paid an hourly rate of $13.52 at the time of her termination, and she worked an average of 34.39 hours per week in the last full year of her employment [Doc. 1-3, ¶ 3]. In addition, Plaintiff earned an average of $61.26 per week in commissions [Doc. 1-3, ¶ 3]. Thus, Plaintiff earned, on average, $526.21 per week, or $27,363.07 per year. Defendant calculates, and this Court agrees, that based on Plaintiff's termination date of March 20, 2019, and assuming a trial date eighteen months after Defendant's March 23, 2020 removal date, Plaintiff's back pay claim alone would total approximately $67,354 without interest (128 weeks X $526.21/week = $67,354.88) [Doc. 13, pg. 5-6]. In addition, Plaintiff seeks front pay and states she "planned to remain in her position and otherwise move up in the company in order to maintain and provide for herself a decent lifestyle" [Doc. 1-1, pg. 5, ¶ 5]. Defendant notes that based on her annual salary of $27,363.07, even one year of front pay would push the amount in controversy above $75,000 [Doc. 13, pg. 6]. While Plaintiff seeks front pay and back pay only in the event she cannot be reinstated, Defendant argues the Court may consider the value of reinstatement in its calculation of the amount in controversy [Doc. 13, pg. 8 (citing *Estes v. Accretive Health, Inc.*, No. 10-10858, 2010 WL 3504528, at *2 (E.D. Mich. Sept. 7, 2010) ("[T]he

value of Plaintiff's potential reinstatement is properly considered in the amount-in-controversy calculation.'))]. Given Plaintiff's annual salary of $27,363.07 and her desire to remain in her position and move up in the company, the value of her potential reinstatement alone likely approaches or exceeds $75,000.

In addition to reinstatement or, alternatively, front pay and back pay, Plaintiff seeks compensatory damages and attorney's fees [Doc. 1-1, pg. 20, ¶¶ 4-5]. While Plaintiff argues attorney's fees should not be included in this Court's calculation of the amount in controversy, Defendant responds that statutory attorney's fees sought by Plaintiff are properly included [Doc. 13, pg. 6-7 (citing *Farrington v. Cox*, No. CIVA 3:07CV220, 2007 WL 2138631, at *2 (E.D. Tenn. July 23, 2007) (stating "any statutory penalties and statutory attorney's fees sought by a plaintiff" are properly included in the amount-in-controversy calculation))]. Indeed, the THRA provides for reasonable attorney's fees as a remedy. T.C.A. § 4-21-306(a)(7). Moreover, Courts have acknowledged that "[g]iven the complexity of THRA cases and the extensive discovery usually required, a successful plaintiff will almost always incur substantial attorney's fees." *Crumley*, 2011 WL 1897185 at *3 (W.D. Tenn. May 18, 2011).

In her reply [Doc. 14], Plaintiff relies on *Norris v. A&S Bldg. Sys., Inc.*, No. 3:05-CV-161 (E.D. Tenn. Sept. 23, 2005). In *Norris*, the plaintiff sued her former employer for retaliatory discharge and sought reinstatement or, alternatively, "compensatory damages as the Court deems proper under the law not to exceed Seventy-Five Thousand ($75,000.00) Dollars." *Norris*, 3:05-CV-161 [Doc. 1-1, pg. 3, ¶ 3]. This Court remanded the action because the plaintiff's complaint did not make a claim specifically for punitive damages, and the defendant relied on the possibility of punitive damages to show the amount in controversy more likely than not exceeded $75,000. *Norris*, 3:05-CV-161 [Doc. 11, pg. 3-4; Doc. 12]. Here, Plaintiff specifically prays for

5

"back pay, salary, front pay, benefits, compensatory damages, and costs and attorney fees" [Doc. 1-1, ¶ 5]. Defendant has provided evidence showing these awards, in the aggregate, more likely than not exceed $75,000. Therefore, the jurisdictional amount in controversy satisfies § 1332(a), and the Court has subject matter jurisdiction over this case.

### III. CONCLUSION

Defendant's removal of this case was proper, and Plaintiff's Motion to Remand [Doc. 10] is **DENIED**. Per this Court's order [Doc. 15], Plaintiff shall have **fourteen (14) days** from the date of this order to respond to Defendant's Motion to Dismiss and Compel Arbitration [Doc. 6]. Additionally, the parties shall meet and confer pursuant to Federal Rule of Civil Procedure 26(f) within **thirty (30) days** of this order and shall file a report of their Rule 26(f) planning meeting within **fourteen (14) days** of that meeting. The report shall follow the requirements set out in this Court's order [Doc. 9].

SO ORDERED:

s/ Clifton L. Corker
United States District Judge
